**EXHIBIT A**

After Recording Return to:

Silver Hill Capital, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33146

_______________________________ *[Space Above This Line For Recording Data]* _______________________________

# LOAN ADJUSTMENT AGREEMENT

This loan adjustment agreement is made and entered into as of August 27, 2026 (the "Effective Date"), by and between, Silver Hill Capital, LLC F/K/A Silver Hill Capital, LLC ("Servicer") and Charles K. Thompson ("Borrower").

## RECITALS

A. Servicer is the holder or servicing agent of the holder of that certain Promissory Note ("Note") dated 12-05-2005, executed by Borrower or Borrower's predecessor-in-interest in the original principal sum of $108,000.00.

B. The note evidences a loan ("Loan") to Borrower or Borrower's predecessor-in-interest on 12-05-2005, in the original principal sum of $108,000.00 along with a Deed of Trust or Mortgage ("Security Instrument") securing said Note. The Security Instrument creates a secured lien on certain real property ("Property") owned by Borrower (and is more specifically described in the Security Instrument). The Note and Security Instrument and all other loan documents related to the Loan are hereinafter collectively referred to as the "Loan Documents".

C. Due to adverse economic circumstances, Borrower has requested Servicer to adjust the scheduled amortization of the Note to permit Borrower to meet Borrower's obligations to Servicer in full and in a timely manner. The requested adjustment will benefit Borrower, Servicer, and any junior lien holder, by avoiding the possible foreclosure of the Loan by Servicer. Accordingly, it is considered to be in the best interest of all concerned to enter this Loan Adjustment Agreement ("Agreement").

D. Both Borrower and Servicer hereby agree that Servicer may, in its sole discretion, record this Agreement.

## AGREEMENT

NOW, THEREFORE, Borrower and Servicer hereby agree as follows:

1. **NOTE MODIFICATIONS**

**(a) Outstanding Debt:**
Borrower agrees that the unpaid principal balance due on the Note of $111,238.89 shall be increased by $64,462.89 the amount of the unpaid installments, interest, late charges, fees and costs, and, if applicable, any advances for unpaid property taxes and/or insurance premiums ("Unpaid Sums Due"), for a total unpaid principal balance due of $175,701.78 ("New Balance"). Borrower agrees to the accuracy of the allegations contained in the above Recitals as well as to the authenticity and validity of each document referred to herein and to the validity of the unpaid sums due and the New Balance. Interest and payments will accrue on the New Balance at the interest rates, whether adjustable, variable, or fixed, provided in the Note, unless modified by this Agreement.

**(b) New Monthly Payments, Payment Adjustments:**
Effective with the Borrower's monthly payment due 10-01-2026, Borrower's monthly principal and interest payment will be $1,986.41 The estimated monthly escrow payment will be $432.43 and reserve payment of $0.00. All payments received by Servicer will be credited towards amounts due under the loan.

**(c) New Interest Rate:**
Borrower's rate of interest will be 5% and will remain fixed for the remaining life of the loan.

**(d) New Maturity Date:**
The maturity date will be 12-01-2035, on which date any unpaid interest and all other sums due shall be paid in full.

2. **ESTABLISHMENT OF IMPOUND/ESCROW ACCOUNT:**
Borrower acknowledges that Servicer will establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence. Servicer will analyze the impound/escrow account from time to time. As a result of this analysis, the escrow portion of Borrower's monthly payment may change. Borrower further acknowledges that the escrow portion of his/her monthly payment may be substantially higher than the estimate. (Note: In certain states, impound/escrow accounts do not collect for payment of taxes pertaining to Bond/Special Assessments and Irrigation/Water District).

3. **MORTGAGE INSURANCE:**
Borrower agrees that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of this Agreement.

4. **AGREEMENT NOT TO ENCUMBER:**
Borrower agrees that it will not voluntarily or involuntarily: (i) grant any interest in or option with respect to, any of the Property; or (ii) create or permit to exist any lien, security interest, or other charge or encumbrance upon or with respect to any of the Property, except for Servicer's already existing security interest and lien, or sell the Property for the benefit of itself or any party or in any manner other than that contemplated by this Agreement.

5. **ASSIGNMENT OF LEASES AND RENTS AND RECEIVERSHIP:**
The existing Mortgage and Note shall be amended to include the following: In the event the loan is in default and Borrowers are generating any gross income from the property by virtue of a tenancy or any other arrangement, Borrowers agree to assign and transfer to Servicer the right title and interest of Borrower in all existing and future leases and agreements whether or not in writing, and any rents and deposits derived and collected therefrom, affecting and pertaining to the use enjoyment or occupancy of any part of the premises. Borrower consents to the entry by Servicer, Servicer's agent, or court-appointed receiver of possession, to enter the premises to collect the rents and enforce the leases. Borrower further consents to the appointment of a court appointed Receiver in the event the loan is in default.

6. **NO OTHER CHANGES:**
Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations, and conditions in the Note and the Security Instrument remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the Note, as modified by this Agreement. None of Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein. Nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument whether such rights or remedies arise herein or by operation of law. Any inserted terms, changes, or additions to this Agreement will immediately render it null and void. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing the below Borrower has voluntarily signed this Agreement.

7. **NO RELIANCE; CONSTRUCTION:**
Each of the parties hereto hereby declares that, prior to the execution of this Agreement, they have apprised themselves of sufficient relevant data in order that they might intelligently exercise their own judgments in deciding on the contents of this Agreement and whether to execute this Agreement. Borrower declares that his/her decision to execute this Agreement is not as a result of undue influence or duress, and not predicated on or influenced by any declarations or representations not set forth in this Agreement, by Servicer, or any other person or party or any predecessors in interest, its successors, assigns, officers, directors, employees, agents or attorneys. Each of the

parties hereto hereby further acknowledges and agrees that each of them has had significant input in the development of this Agreement and this Agreement shall not therefore be construed.

8. **NO ORAL MODIFICATION:**
This Agreement may not be amended or modified in any way except by a written instrument executed by all of the parties hereto.

9. **SUCCESSORS AND ASSIGNS:**
This Agreement shall be binding upon and inure to the benefit of the signatories to this Agreement and each of their respective successors and assigns. The obligations of the signatories to this Agreement shall not be delegated or assigned.

10. **ATTORNEY'S FEES:**
In the event that any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement or the Loan Documents, then the prevailing party shall be entitled to recover all reasonable court costs and attorneys' fees, at all levels, to the extent permitted by the contract and applicable law.

Borrower agrees not to make any claim to any attorney fees and costs, to the extent permitted by the contract and applicable law, against Lender in the event there is a pending foreclosure case/action which is voluntarily dismissed by Lender as a result of this modification agreement or similar settlement reached between the parties. Borrower acknowledges that a voluntary dismissal by Lender under such circumstances shall not make the Borrower the prevailing party in such foreclosure action/case for the purposes of this section.

IN WITNESS WHEREOF, Servicer and Borrower have executed this Loan Adjustment Agreement,

**Borrower:**

By: ______________________ Date: 9/1/26
Charles K. Thompson

By: ______________________ Date: ______________

**Servicer:**

Signed by:
75FD5720B94344A... ______________________ Date: ______________
Vice President, Silver Hill Capital, LLC

## Disclaimers and Notices

This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

Counterparts:
This Agreement may be executed by the Parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

Silver Hill Capital, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non- bankruptcy law and/or informational purposes only. It does not constitute an attempt to collect a debt, to reaffirm a debt, or to impose any personal liability on you. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account")

means that you're required to repay a debt that's been discharged. If your original obligation was discharged, any payment you make on the account is voluntary, but we still have rights under the security instrument, including the right to foreclose on the property. If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number. Silver Hill Capital, LLC., NMLS #2469.

**General SOL Disclaimer:** If you are a successor in interest to the above-referenced property, please note that the following disclosures are being provided pursuant to applicable state law. However, you are not liable for the above-referenced mortgage obligation until you assume the mortgage obligation under applicable state law.

The law limits how long a debt can be sued on. We will not sue for any portion of the loan obligation for which the applicable statute of limitations has expired. However, if the debt is not paid, we may report it to the credit reporting agencies as unpaid to the extent permitted by applicable law. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

**Confirmed SII Disclaimer:** If you are a confirmed successor in interest of the account, unless you assume the mortgage loan obligation under state law, you are not personally liable for the mortgage debt and cannot be required to use your own assets to pay the mortgage debt. Your investor may require that you assume the loan in order to complete the Modification process.

PLEASE NOTE: All funds tendered after default shall be non-refundable and may be held in a suspense/unapplied account or applied to amounts owing, solely at Servicer's discretion. If applied, such funds may be applied to the indebtedness in such order and manner as Servicer determines in Servicer’s sole discretion. The tender of such funds shall not in any manner cure the existing default on the Loan. Upon successful completion of this agreement, all held funds collected under this agreement shall be applied to amounts due, in such order and manner as Servicer determines in Servicer’s sole discretion. For income tax purposes, interest payments received will be reported for the calendar year in which the funds are actually applied as interest payments on Servicer's records.

MAINE PROPERTIES: In the event Servicer applies any funds tendered by Borrower to Servicer after default to the indebtedness, any such application of payments to the indebtedness shall not constitute a waiver of the foreclosure proceedings pursuant to any regulation or statute including, without limitation, Title 14, M.R.S. Sec. 6321.

Specialized Call Representative
Phone Number: (800) 771-0225
Monday - Friday 9:00 a.m. - 5:00 p.m., ET
Fax Number: (786) 470-3573
E-mail: scr@communityloanservicing.com

**Be sure to make your payments on time!**
**It takes approximately 45-60 days to update and finalize your changes for the permanent modification.**

**MODIFICATION PAYMENT**
Mail your first modification payment
using the option below.

**CUSTOMER NAME:** Charles Thompson
[redacted]
**PAYMENT DUE DATE:** 10-01-2026
**PAYMENT AMOUNT:** $2,418.84

**PAYMENT OPTION**
Regular or Overnight Mail:
Silver Hill Capital, LLC
Attn: Cashiering Department
4425 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33146

Make checks payable to: **Silver Hill Capital, LLC**
If you have any questions, please call us at 1-866-616-0330.
Please allow 7 to 10 days for postal delivery.

---

**MODIFICATION PAYMENT**
Mail your modification payment
using the option below.

**CUSTOMER NAME:** Charles Thompson
[redacted]
**PAYMENT DUE DATE:** 11-01-2026
**PAYMENT AMOUNT:** $2,418.84

**PAYMENT OPTION**
Regular or Overnight Mail:
Silver Hill Capital, LLC
Attn: Cashiering Department
4425 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33146

Make checks payable to: **Silver Hill Capital, LLC**
If you have any questions, please call us at 1-866-616-0330.
Please allow 7 to 10 days for postal delivery.

---

**MODIFICATION PAYMENT**
Mail your modification payment
using the option below.

**CUSTOMER NAME:** Charles Thompson
[redacted]
**PAYMENT DUE DATE:** 12-01-2026
**PAYMENT AMOUNT:** $2,418.84

**PAYMENT OPTION**
Regular or Overnight Mail:
Silver Hill Capital, LLC
Attn: Cashiering Department
4425 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33146

Make checks payable to: **Silver Hill Capital, LLC**
If you have any questions, please call us at 1-866-616-0330.
Please allow 7 to 10 days for postal delivery.